**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REENA B. FRAILICH, on behalf of herself and all others similarly situated; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> ZWERLING, SCHACHTER & ZWERLING, LLP, <br><br> Appellant. | No. 10-55372 <br><br> D.C. No. 2:05-cv-03222-R-Mc <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 5, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Zwerling, Schachter & Zwerling, LLP argues that the district court abused

its discretion in declining to add a risk multiplier to the firm's award of attorneys'

fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997 (9th Cir. 2002), we held that a district court abuses its discretion in failing to apply a risk multiplier "when (1) attorneys take a case with the expectation that they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence that the case was risky." *Id.* at 1008; *see also In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299–1304 (9th Cir. 1994). Applied here, *Fischel* does not compel us to find an abuse of discretion. Although the district court made factual findings that the case (prior to settlement) was risky, there is no indication in the record that Zwerling Schachter took the case with the expectation that the firm would receive a risk enhancement or that the firm's hourly rate did not reflect the risk. The district court did not abuse its discretion in concluding that a risk multiplier was not warranted in light of the "excessive fees and noncompensable work, including work done to preserve the award of attorneys' fees, work done in connection with the *Park* litigation, and other work performed that conferred no benefits on the Class." Indeed, more than two-thirds of the attorneys' fees sought by and awarded (without a risk multiplier) to Zwerling Schachter were for efforts on appeal, at which time the case was no longer fraught with risk.

**AFFIRMED.**

-2-